FREEDMAN AND LORRY, P.C.
BY: SCOTT A. PORTNER, ESQUIRE
IDENTIFICATION NO. 85314
1601 Market Street, 2nd Floor
Philadelphia, PA  19103
(216) 925-8400
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS REVAK & SUSAN REVAK, H/W<br>1006 9th Avenue<br>Folsom, PA  19003 | : CIVIL ACTION<br>:<br>:<br>: |
| v. | :<br>: NO. |
| MI-Das LINE S.A.<br>1307-8 Oaza Namikata - Ko<br>Namikata, Ochi – Gun<br>Ehime PREFECTURE, 799-2101<br>Japan, 799-2101 | :<br>:<br>:<br>:<br>: |
| and | : |
| TOKO KAIUN KAISHA, LTD<br>Meikai Building, 32<br>Akashimachi, Chuo-Ku<br>Kobe 650–0037 Japan | :<br>:<br>:<br>: |

<u>COMPLAINT</u>

<u>Jury Trial Demanded</u>

1. Plaintiffs Thomas and Susan Revak are husband and wife and are citizens and residents of the Commonwealth of Pennsylvania residing at 1006 9th Avenue, Folsom, PA 19033.

2. Defendant MI-Das Line S.A. is a business organization organized and existing under the laws of Japan, with its primary place of business located at 1307-8 Oaza Namikata – Ko, Namikata, Ochi – Gun, Ehime PREFECTURE, 799-2101, Japan, 799-210.

3. Defendant Toko Kaiun Kaisha, Ltd., is a business organization organized and existing under the laws of Japan, with its primary place of business located at Meikai Building, 32, Akashimachi, Chuo-Ku, Kobe 650–0037 Japan.

4. The jurisdiction of this Court is invoked under 28 U.S.C. Section 1332, there being diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, being in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).

5. Venue is appropriate in this Court since a substantial part of the events giving rise to the claim occurred in this Judicial District.

6. On or about April 20, 2012, and at all times material hereto, Defendant MI-Das Line S.A. owned, and/or bareboat chartered, managed, operated, possessed and controlled the M/V Bright Laker.

7. On or about April 20, 2012, and at all times material hereto, Defendant, Toko Kaiun Kaisha, Ltd. chartered, operated, possessed and controlled the M/V Bright Laker.

8. On or about April 20, 2012, the Plaintiff Thomas Revak was employed by Greenwich Terminals LLC in the capacity of longshoreman.

9. On or about April 20, 2012, the M/V Bright Laker was in navigable waters of the United States and berthed at the Packer Avenue Marine Terminal in the Port of Philadelphia, Pennsylvania.

10. On or about April 20, 2012, at approximately 3:30 p.m., the Plaintiff Thomas Revak was in the course and scope of his employment assisting in the discharge of units of wire

rod coils from a cargo hold of the M/V Bright Laker when one of the wire rod coils fell on him, causing him to sustain the injuries described herein.

11. The injuries sustained by the Plaintiff Thomas Revak on or about April 20, 2012, as set forth below, were caused by the carelessness and negligence of Defendants MI-Das Line and Toko Kaiun Kaisha, Ltd., acting through their agents, servants, workmen and employees, including, but not limited to the breach by said Defendants of their "turnover", "intervention" and/or "active operations/active control" duties to the Plaintiff under Section 5(b) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Section 905(b).

12. By reason of the carelessness and negligence of Defendants MI-Das Line S.A., and Toko Kaiun Kaisha, Ltd., as aforesaid, the Plaintiff Thomas Revak was caused to sustain multiple injuries including, but not limited to, a zone 2 right sacral fracture, right acetabular fracture, a right open ankle fracture, a right pelvic ring fracture, a left distal fibula fracture, a left closed ankle fracture, a right open trimalleolar ankle fracture, a right syndesmotic disruption, a right second and third metatarsal fracture, a right inferior navicular fracture, a right cuboid crush fracture with fifth tarsometatarsal dislocation, a right medial cuneiform fracture, a right fourth metatarsal neck fracture, a left complex arm laceration, a right L-5 transverse process fracture and injuries to his left shoulder, the full extent of which has not yet been determined; he sustained other orthopedic, neurological, emotional and internal injuries; he sustained severe shock and injury to his nerves and nervous system; he has in the past required and may in the future continue to require medicines, medical care and attention; he has in the past been and may in the future be compelled to expend monies and incur obligations for such care and attention; he has in the past suffered and may in the future continue to suffer agonizing aches, pains and

mental anguish; he has in the past been and may in the future continue to be disabled from performing his usual duties, occupations and avocations.

WHEREFORE, Plaintiff Thomas Revak claims damages of the Defendants MI-Das Line S.A., and Toko Kaiun Kaisha, Ltd., for a sum in excess of One Hundred and Fifty Thousand ($150,000.00) in damages, together with pre-judgment interest and costs, and brings this action to recover same.

### COUNT II – CLAIM OF PLAINTIFF SUSAN REVAK AGAINST DEFENDANTS

13. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 12 as if fully set forth herein.

14. By reason of the carelessness and negligence of the Defendants MI-Das Line S.A., and Toko Kaiun Kaisha, Ltd., as aforesaid, and the resulting injuries suffered by the Plaintiff Thomas Revak, the Plaintiff Susan Revak has been and in will in the future be deprived of the assistance, society, companionship, comfort and consortium of her husband, the Plaintiff, Thomas Revak, to her detriment and loss.

WHEREFORE, Plaintiff, Susan Revak, demands judgment against Defendants MI-Das Line S.A., and Toko Kaiun Kaisha, Ltd. on this Count II for a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) in damages, together with prejudgment interest and costs, and brings this action to recover same.

                                                FREEDMAN AND LORRY, P.C.


                                                By: /S/Scott A. Portner, Esquire
                                                    SCOTT A. PORTNER, ESQUIRE
                                                    Attorneys for Plaintiffs,
                                                    Thomas Revak and Susan Revak

DATED:   June 21, 2013